IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THE CITY OF GOODLETTSVILLE, )
TENNESSEE, on behalf of itself and )
all similarly situated taxing authorities )
within the State of Tennessee[1] ) No. 3-08-0561
)
v. )
)
PRICELINE.COM, INC; LOWEST )
FARE.COM, INC.; TRAVELWEB, )
LLC; TRAVELOCITY.COM, INC.; )
TRAVELOCITY.COM, LP; SITE )
59.COM, LLC; EXPEDIA, INC.; )
HOTELS.COM, LP; HOTWIRE, INC.; )
TRAVELNOW.COM, INC.; )
TRAVELPORT AMERICAS, LLC; TRIP )
NETWORK, INC. d/b/a Cheap Tickets, )
Inc.; ORBITZ, LLC; and ORBITZ )
WORLDWIDE, INC.[2] )

O R D E R

The plaintiff's motion to compel production of documents from Expedia defendants (Docket Entry No. 241) is GRANTED in part and DENIED in part to the extent provided herein.

By its motion, the plaintiff seeks to compel defendants Expedia, Inc., Hotels.com, and Hotwire, Inc. ("Expedia defendants") to produce documents, deposition transcripts and written discovery responses from a subset of ten cases in which they are defendants in related hotel occupancy tax litigation.[3] The plaintiff and the other defendants in this case have agreed to a Discovery Sharing Protocol. See Docket Entry No. 222. As a quid pro quo for that production, the

---

[1] By stipulated voluntary dismissal filed on October 1, 2008 (Docket Entry No. 59), the claims of plaintiff The City of Brentwood, Tennessee were dismissed without prejudice.

[2] By voluntary dismissal filed on February 3, 2010 (Docket Entry No. 164), defendants Travelport Americas, LLC and Orbitz Worldwide, Inc. were dismissed without prejudice. By stipulated voluntary dismissal filed on May 21, 2010 (Docket Entry No. 213), defendant TravelNow.com, Inc. was dismissed.

[3] The plaintiff represents that there are more than 50 lawsuits involving the Expedia defendants' online travel business. Docket Entry No. 246, at 2.

plaintiff is precluded from seeking additional discovery, except for jurisdiction-specific transactional data and hotel contracts, about which there is no disagreement, except in limited circumstances.

Specifically, under the Discovery-Sharing Protocol, additional discovery is not permitted unless plaintiff's counsel certifies and the Court finds that the information sought is not redundant or cumulative of discovery produced from the other lawsuits. In addition, if the plaintiff seeks to take depositions of any defendants or their current or former employees for whom transcripts have been produced, the plaintiff must provide the same certification and identify the topics about which the employee will be deposed. If a defendant objects to any such deposition, it may move the Court to preclude the deposition. Id. The plaintiff anticipates little or no additional discovery, except for transactional data and hotel contracts, and cites to lawsuits filed in the Middle District of Florida (the "Brevard Action") and in Illinois state court (the "Rosemont Action"), in which no additional discovery, except for transactional data and hotel contracts, was requested from the defendants participating in the Discovery-Sharing Protocol. Docket Entry Nos. 241, at 8; Docket Entry No. 242, at 2.

Although the Expedia defendants suggest that a motion to compel is not the proper vehicle to raise the issue of the discovery-sharing protocol, the plaintiff contends that the motion to compel is appropriate because the discovery encompassed by the Discovery-Sharing Protocol captures documents responsive to the plaintiff's requests for production of documents. It is not necessary to wade into this issue because the defendants do not object to a discovery-sharing protocol, but propose what they describe as "modest revisions" to the Discovery-Sharing Protocol that would permit the plaintiff discovery from only four (versus 10) other cases, with the four cases chosen by the plaintiff, preclude discovery of any experts used in other cases, and reduce the time for any depositions. Docket Entry No. 245, at 1 n.1, and 2. Thus, the issue is not whether there should be discovery sharing, but only the parameters of the Discovery-Sharing Protocol.[4]

---

[4] In addition to the discovery-sharing agreements in the Brevard and Rosemont Actions, the parties have cited to a case before the Manager of Finance of the City and County of Denver, Colorado, in which the Expedia defendants were required to produce "deposition transcripts and

Although the defendants refer to some of the material that will be captured as irrelevant because it will relate to issues specific to other states, there is no serious argument that the fact discovery sought by the plaintiff is relevant.[5] The real issue is the burden on the Expedia defendants.

1. Ten Versus Four

The Expedia defendants argue that requiring them to produce discovery from the same number of cases as the co-defendants would impose "unique burdens" on them, and that they should not be required to produce discovery of expert witnesses who may not be designated as experts in this case. They provide an example of the San Antonio case in which 38 fact and Rule 30(b)(6) depositions of the Expedia defendants were taken as compared to 33 depositions of three other defendants combined as support for their argument that comparable discovery sharing imposes a greater burden on them than on the other defendants. However, as the plaintiff points out, it does not appear that there is an issue about the defendants' producing transcripts of Rule 30(b)(6) depositions. See Docket Entry Nos. 242-1 and 245-1, at 27, and 245-1 at 31.

Although the plaintiff describes the defendants' burden as "creat[ing] a few more disks of data," Docket Entry No. 241, at 10,[6] the Expedia defendants point out that they "must identify and collect every one of their documents, written discovery responses, and depositions from the other cases" and that the "greater the volume of information to identify and collect, the tougher the task."

---

associated exhibits, DVDs of deposition transcripts, written discovery responses, and document productions from all related hotel tax litigation," Docket Entry No. 252-1, and a case filed in the Northern District of Georgia, in which defendants Expedia and Orbitz were required to "turn over all discovery" from four Georgia cases, Docket Entry No. 253-2, although the Expedia defendants indicated that Expedia only provided materials from two other cases. Docket Entry No. 253, at 2.

[5] The plaintiff contends that the defendants use the same "merchant model" for online hotel reservations nationwide. Docket Entry No. 241, at 2.

[6] The plaintiff also points out that the Expedia defendants have engaged a document retention and management firm that "touts its ability to deliver 'creative, efficient and cost-effective, records management, e-discovery and litigation readiness solutions' for its clients. See Docket Entry No. 241, at 11-12; Docket Entry No. 242-5; and Docket Entry No. 242-6.

Docket Entry No. 245, at 7. Since they contend that much of the information will be irrelevant,[7] cumulative, and duplicative, the Expedia defendants argue that they should not be required to "perform that task an excessive number of times." Docket Entry No. 245, at 7. In addition, if the plaintiff requests additional discovery, the defendants will be forced to review the discovery produced in the other cases to determine if the additional requested discovery would be redundant or cumulative.

Why the plaintiffs and the other defendants chose ten other cases is just as unclear as why the Expedia defendants urge a reduction to four cases. It appears that there is no magic to either number. Whereas the plaintiff apparently believes it is logical and consistent to require the Expedia defendants to produce discovery from the same number of other cases as the other defendants, the Expedia defendants argue that because they will have to produce significantly more discovery, they should be required to produce discovery from fewer cases. Neither side has provided any rationale for a specific number of cases and it can reasonably be inferred that there is little or no such rationale.

Perhaps more perplexing is the fact that, while the Expedia defendants have asserted the burden of production of discovery in ten cases, they have provided the Court with no quantification of that burden--either in terms of cost or man hours. The Court does not challenge the representations made by counsel that it will be a time-consuming process, but, without some specificity of the burden, it is impossible to determine the extent of the burden on the defendants of producing discovery in ten cases as opposed to four cases.

What does resonate, however, is the defendants' concern that, if the plaintiff seeks to take additional discovery, unrelated to jurisdictionally linked transactional data or contracts, the defendants will have to cull through discovery produced in ten cases to determine if the additional discovery proposed by the plaintiff is redundant or cumulative. While the plaintiff scoffs at that

---

[7] For instance, the Expedia defendants point out that other cases in other jurisdictions involve different ordinances than what is at issue in this case.

concern by "pointing out that the plaintiff will have the burden, not the defendants," see Docket Entry No. 246, at 6-7, and describing its burden of making an "onerous showing" to obtain any deposition testimony and providing all questions in writing in advance, id. at 7, the Court does not read the Discovery-Sharing Protocol as the plaintiff suggests. Whereas the Discovery-Sharing Protocol provides that it will be the plaintiff's burden to show that the requested discovery is not "redundant or cumulative" of the discovery produced in the other cases, see Docket Entry No. 222, at 4 ¶ 2(c), if the plaintiff seeks any additional depositions from the defendants or any current or former employee of the defendants, the Protocol provides that the plaintiff must certify that the testimony is not "encompassed in, and is not redundant or cumulative" of deposition testimony produced in other cases," and must identify topics about which the plaintiff seeks deposition testimony. Id. at 5 ¶ 3(a). However, after the defendants have an opportunity to object and the parties confer, the "party opposing the deposition may move the Court for relief with respect to such deposition." Id. Thus, it appears that, ultimately, the defendants have the burden of moving for relief, presumably for a protective order--not the plaintiff--if and when the plaintiff seeks additional depositions of the defendants.

Since it appears that the plaintiff intends to shoulder the burden of seeking Court approval for additional discovery in Section 2 of the Discovery-Sharing Protocol, the plaintiff should likewise shoulder the same burden if it seeks to take additional depositions of the Expedia defendants or its current or former employees. In addition, the Court credits the defendants' concern that, if the plaintiff certifies that the discovery it seeks is not encompassed in or redundant or cumulative of the discovery produced in the other cases, it is not unreasonable for the defendants to believe that they have the burden of culling through all of the discovery produced from the other cases to assure themselves that the plaintiff's certification is correct.

To address these concerns, the Court finds that the Discovery-Sharing Protocol should be modified in two respects, as follows:

1. If the plaintiff seeks to take additional depositions of the Expedia defendants or their current or former employees, other than on topics related to transactional data or contracts, the plaintiff shall, in addition to the certification requirement, be required to (a) provide the defendants with written questions in advance; and (b) obtain leave of Court. It shall not be the defendants' obligation to seek a protective order or other relief.

2. If the plaintiff seeks any additional discovery, including but not limited to additional depositions, the plaintiff shall not only certify that the discovery requested is not encompassed in or redundant or cumulative of the discovery and deposition testimony produced in the other cases, but shall also provide to the defendants its methodology for making that determination. The plaintiff should not be permitted to engage in any additional discovery, other than related to transactional data and contracts, if it has not provided the defendants with any information or assistance sought by the defendants to minimize the defendants' burden in assessing the accuracy of the plaintiff's certification.

2. Limitation of Time of Depositions

The defendants do not propose a time limit on any additional depositions, other than to suggest that the time should be less than seven hours, as provided by Rule 30(d)(1) of the Federal Rules of Civil Procedure. The Court finds it inappropriate to make a sweeping limitation of all such depositions in a vacuum. However, if the plaintiff seeks additional depositions, as addressed above, the plaintiff shall also include in any motion seeking leave of Court for such depositions a justification for the length of time for any such deposition.

3. Expert Depositions

The parties spend little time addressing whether the Expedia defendants should be required to produce discovery from other cases related to experts. In fact, the plaintiff does not address that issue at all in its motion to compel. In their response, the Expedia defendants devote one paragraph

6

of ten pages to the issue, describing any requirement to produce discovery related to experts as "improper," since no Expedia expert in other cases has testified about Tennessee's ordinances or calculating damages in this case, and maintaining that the Expedia defendants should not be forced to produce information related to experts who may never be designated as experts in this case. Docket Entry No. 245, at 10. In reply, the plaintiff similarly devotes its last scant paragraph to this issue, contending that the defendants have not made any showing of undue burden, that the prior expert testimony is relevant, and that the Expedia defendants should not be entitled to special treatment in contrast to the other defendants. Docket Entry No. 246, at 8.

However, the plaintiff has not persuaded the Court that the deposition testimony of experts in other cases is, in fact, relevant or likely to lead to admissible evidence, if the Expedia defendants will not use experts used in other cases in this case. If, however, the Expedia defendants do use any of the same experts in any of the ten other cases in this case, the Expedia defendants shall produce the deposition transcripts of such experts in such other cases, and accompanying exhibits, together with any other discovery related to experts as set forth in the Discovery-Sharing Protocol.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

                                                JULIET GRIFFIN
                                                United States Magistrate Judge